IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JOSEPH EDWARD MARTY,              )
                                  )
          Plaintiff,              )   2:10-cv-0555-GEB-DAD
                                  )
     v.                           )   ORDER DENYING PLAINTIFF'S
                                  )   VERIFIED EX PARTE MOTION FOR A
WELLS FARGO BANK, LOAN STAR       )   TEMPORARY RESTRAINING ORDER*
TRUSTEE SERVICES,                 )
                                  )
          Defendants.             )
_____)
```

On March 9, 2010 Plaintiff, proceeding *in propria persona*, filed a verified and unnoticed *ex parte* motion for a temporary restraining order ("motion"), requesting that the Court: (1) enjoin the "illegal foreclosure sale of the property owned by Plaintiff [("the property")] at 3216 Woedee Dr. El Dorado Hills, CA 95762 set for March 9, 2010[,]" (2) issue a "[d]eclaratory [j]udgment to invalidate and eliminate any nonexistent rights of the Defendants" to the property, and (3) "grant free and clear ti[t]le to the property to the Plaintiff." (Mot. 1:19-23, 6:2-6). Plaintiff does not state what time today his property is scheduled to be sold. For the purpose of deciding Plaintiff's TRO motion, the motion is construed as a complaint and a motion, since Plaintiff is pro se and did not file

---

* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

separate pleading designated as a complaint.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.")(internal reference omitted).

Plaintiff's motion indicates he obtained a loan from Defendant Wells Fargo Bank ("Wells Fargo") to finance his property. Plaintiff fails to explain how long he has known his property was scheduled to be sold at a foreclosure sale today.

## I.   LEGAL STANDARD

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." Pimentel v. Deutsche Bank Nat. Trust Co., No. 09-CV-2264 JLS (NLS), 2009 WL 3398789, at *1 (S.D.Cal. October 20, 2009)(referencing New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2 (1977) (Rehnquist, J.)). Plaintiffs "seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." Id. (citing Winter v. Natural Resources Defense Council, Inc., --U.S.--, 129 S.Ct. 365, 374 (2008)).

## II. ANALYSIS

**A.   Likelihood of Success on the Merits**

Plaintiff's averments in the TRO motion are confusing and unorganized, yet it appears Plaintiff argues he is entitled to a TRO based on the following law: the California Commercial Code Section 3302, the Real Estate Settlement Procedures Act ("RESPA"), and the Truth In Lending Act ("TILA").

//

### 1. California Commercial Code Section 3302

Plaintiff avers "Defendants are attempting to sell his property without ow[n]ing the property and have admitted that they do not hold the original note and cannot legally establish possession or ownership of the note or the Mortgage." (Mot. 1:24-2:1.) Plaintiff also avers that because the original note has been "securitized," the "original note, without the legally required transfer stamps and documentation, is null and void." (Id. 2:2-5). Plaintiff declares "Defendants cannot establish legal standing to even institute a foreclosure action let alone a foreclosure sale." (Mot. 2:6-9.) Plaintiff cites "California [C]ommercial [C]ode [Section] 3302" for the proposition that "absent being holder in due course of the Debt instruments, Defendants lack[] standing to enforce the rights of [the] contract, in this case the foreclosure against Plaintiff['s] property by Defendants." (Mot. 5:22-25.) The gist of Plaintiff's argument appears to be that Defendants are unlawfully foreclosing on his home in violation of California Commercial Code Section 3302 because they do not hold the original note to the loan.

However, Plaintiff has not shown that Section 3302 of the California Commercial Code governs the non-judicial foreclosure about which he complains. See Casteneda v. Saxon Mortg. Services, Inc., No. CIV. 2:09-01124 WBS DAD, --- F.Supp.2d ----, 2009 WL 4640673 at *7 (E.D. Cal. Dec. 3, 2009) (finding the California Commercial Code inapplicable to non-judicial foreclosure because the "comprehensive statutory framework [of California Civil Code section 2924] . . . is intended to be exhaustive" (citing Moeller v. Lien, 25 Cal.App.4th 822, 834 (1994)). Further, regardless of whether the California Commercial Code is applicable, "[u]nder California law, there is no

3

1  requirement for the production of the original note to initiate a
2  non-judicial foreclosure." Id. (citing <u>Oliver v. Countrywide Home</u>
3  <u>Loans, Inc.</u>, No. CIV S0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D.Cal.
4  Sept. 29, 2009) (citing <u>Alvara v. Aurora Loan Servs.</u>, No. C-0-1512 SC,
5  2009 WL 1689640, at *6 (N.D.Cal. Jun.16, 2009)); <u>Putkkuri v.</u>
6  <u>Recontrust Co.</u>, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D.Cal.
7  Jan. 5, 2009); <u>Kamp v. Aurora Loan Servs</u>., No. SACV
8  09-00844-CJC(RNBx), 2009 WL 3177636, at *4, (C.D.Cal. Oct. 1, 2009);
9  <u>Champlaie v. BAC Home Loans Servicing, LP</u>, No S-09-1316 LKK/DAD, 2009
10 WL 3429622, at *13-14 (E.D.Cal. Oct. 22, 2009) (stating possession of
11 the note is not required for non-judicial foreclose on a property).
12 Therefore, Plaintiff has not shown he is likely to succeed on the
13 merits of this claim.

**2.  RESPA**

Plaintiff also avers that "[o]n March 3, 2009, Plaintiff sent a Qualified Written Request [("QWR")] (RESPA), Complaint, Dispute of Debt and Validation of Debt Letter, TILA Request be certified Mail # 70080500000220702339 to Wells Fargo Bank," which Plaintiff attaches to his TRO motion.  (TRO Mot. 2:10-13).  Plaintiff avers that since Wells Fargo has not responded to his QWR, "Wells Fargo . . . is in default" and therefore loses all rights to Plaintiffs' loan and Plaintiff is thereby entitled to damages and "is grant[ed] . . . unlimited Power of Attorney and any and all full authorization in signing and endorsing Wells Fargo Home Mortgage's name upon any instruments or any agreement arising from this agreement." (TRO Mot. 2:11-4:15).

A QWR is a request for specific "information relating to the

4

servicing of [federally regulated mortgage loans]" when the borrower believes "the account is in error;" the borrower must "provide[] sufficient detail to the servicer regarding other information sought . . . ." 12 U.S.C. § 2605(e)(1)(B)(ii).  Upon receipt of a QWR, "the [loan] servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A).  Failure to comply with this section entitles the borrower to "any actual damages to the borrower as a result of the failure[,]" "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000[,]" attorney fees, and the costs of suit.  12 U.S.C. § 2605(f)(1), (3).  The remedy for failure to respond to a QWR is damages, not rescission of a loan, which is available under specific provisions of TILA.  Therefore, Plaintiff has failed to show that Defendants' failure to respond to his QWR entitles him to a TRO enjoining the foreclosure sale of his property.

### 3. TILA

Plaintiff also declares that "[o]n June 1, 2009" Plaintiff sent "a notice of rescission of contract . . . to Wells Fargo who is now in default and does not even have a legal contract on the property." (TRO Mot. 4:17-18.)  Even assuming *arguendo* that these averments concern TILA, they are too conclusory to state a claim for which relief can be granted.  Further, Plaintiff's conclusory averments fail to show that TILA applies to the contract referenced in his motion.  Therefore, Plaintiff has not shown he is likely to succeed on the merits of this claim.

**B.   Irreparable Harm, balance of equities, public interest**

Even though the loss of a home may constitute irreparable harm, Plaintiff has not explained why he "unduly delayed in seeking injunctive relief," which "contradicts [Plaintiff's] allegations of irreparable injury."  E.D. Cal. R. 231 (b).  Moreover, Plaintiff has not shown the factual context concerning why his home is scheduled to be sold, and the facts that justify finding he will suffer irreparable harm if his home is sold.  Nor has he explained the time of the day his home is scheduled to be sold.  If Plaintiff's home has already been sold, the harm Plaintiff seeks to avoid has already occurred.  Further, Plaintiff's conclusory averments are insufficient to tip the equities in his favor or to show that the public interest favors the TRO he seeks.

### III. CONCLUSION

Since Plaintiff has failed to show he has a likelihood of success on the merits of his claims, that he will suffer irreparable harm if his unnoticed motion is not granted, that the equities tip in his favor, or that the public interest favors granting his motion, Plaintiff's motion is **DENIED.**

Dated:  March 9, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge