IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JOSEPH EDWARD MARTY,              )
                                  )
          Plaintiff,              )   2:10-cv-0555-GEB-DAD
                                  )
     v.                           )   ORDER DENYING PLAINTIFF'S
                                  )   SECOND VERIFIED AND UNNOTICED
WELLS FARGO BANK, LOAN STAR       )   EX PARTE MOTION FOR A TEMPORARY
TRUSTEE SERVICES,                 )   RESTRAINING ORDER*
                                  )
          Defendants.             )
_____)
```

On March 10, 2010, Plaintiff, proceeding *in propria persona*, filed a second verified and unnoticed *ex parte* motion for a temporary restraining order ("TRO motion"), requesting that the Court to enjoin the "unlawful foreclosure sale of the property owned by Plaintiff at 3216 Woedee Dr. El Dorado Hills, CA 95762." This is the second TRO motion filed. Plaintiff's first TRO motion was filed on March 9, 2010. Plaintiff's first TRO motion was denied in an order filed March 9, 2010, because Plaintiff did not show he was likely to succeed on the merits of his claims, or show that he prevailed on the other injunction factors. Plaintiff stated in his first TRO that the foreclosure sale of his property was scheduled to occur on March 9, 2010, at an unstated time. Plaintiff states in his second TRO that

---

* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

the foreclosure sale previously scheduled for March 9, 2010, was rescheduled to March 16, 2010. (Mot. 1:15-19.)

## I.  LEGAL STANDARD

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." <u>Pimentel v. Deutsche Bank Nat. Trust Co.</u>, No. 09-CV-2264 JLS (NLS), 2009 WL 3398789, at *1 (S.D.Cal. October 20, 2009)(referencing <u>New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n. 2 (1977) (Rehnquist, J.)). Plaintiffs "seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." <u>Id.</u> (citing <u>Winter v. Natural Resources Defense Council, Inc.</u>, --U.S.--, 129 S.Ct. 365, 374 (2008)).

## II. ANALYSIS

Plaintiff has not shown that Defendants have been provided notice of the TRO he seeks. The order denying plaintiff's first TRO motion did not inform him of this notice defect.

### A.  Notice

Federal Rule of Civil Procedure 65(b)(1)(A), which applies to the *ex parte* TRO Plaintiff seeks, provides, in relevant part:

> the court may issue a [TRO] without written or oral notice to the adverse party or its attorney **only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . .**

Moreover, Local Rule 231(a) provides: "[e]xcept in the most **extraordinary of circumstances**, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or

2

1 counsel, by telephone or other means, or a sufficient showing of efforts
2 made to provide notice." E.D. Cal. L.R. 231(a) (emphasis added).
3 Plaintiff has not shown "extraordinary . . . circumstances" excusing his
4 failure to provide Defendants with notice of the TRO he seeks.
5     Plaintiff avers that on March 4, 2010, he sent to Defendants
6 a document titled "Notice of Fraud and Intent to Litigate" and a letter
7 he sent to the FBI, which he appears to call his "FBI Complaint."
8 However, those documents do not provide Defendants with notice that
9 Plaintiff seeks a TRO in this court.

**B.  Likelihood of Success on the Merits on Plaintiff's New Claims**

11     Nor has Plaintiff shown he is likely to prevail on the
12 merits of his claims. Plaintiff adds the following averments in his
13 second TRO motion: "[o]n March 4, 2010, [he] se[rved] a Notice of
14 Fraud and Intent to Litigate and an FBI Complaint on Defendants for
15 fraud and for violations of several Federal laws including trying to
16 gain ti[tle] to [Plaintiff's] property by using unlawful foreclosure
17 and counterfeit securities." (Mot. 3:17-23). Plaintiff also avers
18 that "Defendants have further slandered Plaintiff['s] title to the
19 property by filing an unlawful foreclosure." (Id. 3:22-24).
20 Plaintiff's "Notice of Fraud and Intent to Litigate" document
21 indicates Plaintiff is trying to allege the following new claims in
22 his second TRO motion: that Defendants engaged in "COUNTERFEITING,
23 COUNTERFEIT SECURITIES, WIRE FRAUD, BANK FRAUD AND CONSPIRACY TO
24 DEFRAUD . . . ." Further in the document Plaintiff states he sent to
25 the FBI, he states he believes that Defendants violated the Racketeer
26 Influenced and Corrupt Organizations statute. Lastly, Plaintiff avers
27 in his second TRO motion that "Defendants have further slandered

1  Plaintiff['s] title to the property by filing an unlawful
2  foreclosure." (Mot. 3:22-24)
3          Plaintiff's conclusory averments and allegations fail to
4  state cognizable claims since the TRO motion is devoid of facts
5  supporting the claims.
6  **C.  Irreparable Harm, Balance of Equities, Public Interest**
7          While it is recognized that the loss of a home may
8  constitute irreparable harm, here Plaintiff has not provided facts
9  sufficient to show any of his claims have merit.  Nor has he offered
10 sufficient justification for conducting an unnoticed TRO proceeding.
11 Further, Plaintiff has not shown facts supporting his premise that he
12 will suffer irreparable harm if his home is sold.  Lastly, Plaintiff's
13 conclusory averments lack the quality of evidence sufficient to tip
14 the equities in his favor or show that the public interest favors
15 granting the TRO Plaintiff seeks.

### III. CONCLUSION

17         For the stated reasons, Plaintiff's second TRO motion is
18 **DENIED**.
19 Dated:  March 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge