1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH EDWARD MARTY,

11            Plaintiff,                    No. CIV S-10-0555 GEB DAD PS

12       vs.

13   WELLS FARGO BANK, et al.,          FINDINGS AND RECOMMENDATIONS

14            Defendants.

15   _____/

16            This case came before the court on July 23, 2010, for hearing on defendants'

17   motions to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure

18   12(b)(6).  (Doc. Nos. 25 and 28.)  Michael Rapkin, Esq. appeared at the hearing for defendants

19   Wells Fargo Bank, NA ("Wells Fargo") and Mortgage Electronic Registrations Systems, Inc.

20   ("MERS").  Lawrence Harris, Esq. appeared telephonically for defendant First American Trustee

21   Servicing Solutions ("First American"), formerly known as First American Loanstar Trustee

22   Services.  Plaintiff Joseph Edward Marty, proceeding pro se, appeared at the hearing on his own

23   behalf.

24            Upon consideration of all written materials filed in connection with the motions,

25   arguments at the hearing, and the entire file, the undersigned recommends that defendants'

26   motions to dismiss plaintiff's amended complaint be granted.

                                           1

Plaintiff commenced this action by filing a "Motion for Injunction" in this court on March 9, 2010. On that same date the assigned district judge denied that motion. (Doc. No. 5.) The following day plaintiff filed a motion for a temporary restraining order. That motion was denied by the assigned district judge on March 12, 2010. (Doc. No. 9.)[1] Defendants then filed motions to dismiss this action. (Doc. Nos. 10, 14, 16 and 19.) However, before those motions came on for hearing before the undersigned, on May 14, 2010, plaintiff filed a first amended complaint which is the operative pleading before this court. (Doc. No. 20.) Accordingly, on May 24, 2010, the court denied the then-pending motions to dismiss as having been rendered moot by the filing of the amended complaint. (Doc. No. 24.) On June 15, 2010, defendant First American filed their motion to dismiss the amended complaint. (Doc. No. 25.) On June 18, 2010, defendants Wells Fargo and MERS filed their motion to dismiss the amended complaint. (Doc. No. 28.) On July 6, 2010, plaintiff filed a "rebuttal" to defendants' motions, which the court has construed as plaintiff's opposition thereto. (Doc. No. 30.) Defendants filed replies. (Doc. Nos. 31, 33.) The motions were then heard and taken under submission.[2]

## PLAINTIFF'S CLAIMS

In his amended complaint, plaintiff alleges as follows. He is the owner of the subject residential property located in El Dorado, California. (Doc. No. 20 at 3, ¶ 8.) On October 6, 2008, he borrowed $397, 658.00 from New Line Mortgage, Div. Republic Mortgage

---

[1] According to court records submitted by defendants, on April 16, 2010, plaintiff filed a Chapter 13 bankruptcy action in the U.S. Bankruptcy Court for the Eastern District of California which was dismissed for failure to prosecute on May 17, 2010.

[2] After the pending motions were taken under submission, on September 27, 2010, plaintiff filed with this court a copy of the answer he filed in the El Dorado County Superior Court in an unlawful detainer action. (Doc. No. 35.) On December 6, 2010, plaintiff filed a document with this court which he characterized as "Court Default; Default Judgment: Court Orders" in which he argues that because the court did not rule on the pending motions to dismiss within forty-five days, the court had forfeited jurisdiction and he had prevailed on all of his claims. (Doc. No. 37.) The first document referred to above will be disregarded by this court. The second is a frivolous filing and will, likewise, be disregarded.

Home Loan and executed a promissory note, secured by a Deed of Trust, thereby encumbering the property. (Doc. No. 20 at 3, ¶10 and Exs. A & B.) The Deed of Trust was recorded with the El Dorado County Recorder's Office on October 20, 2008 and identified plaintiff as the borrower, defendant MERS as the nominee of the lender and Fidelity National Title as the trustee. (Id., Ex. B.)

When plaintiff defaulted on the mortgage loan, a Notice of Default and Election to sell was recorded on May 29, 2009, by defendant First American as an agent for defendant Wells Fargo. (Id. at ¶23, Ex. D.) However, it was not until July 21, 2009, that an Assignment of Deed of Trust from defendant MERS to defendant Wells Fargo was recorded with the El Dorado County Recorder's Office. (Id. at ¶24, Ex. E.) The individual who signed that Assignment of Deed of Trust as a certifying officer for defendant MERS, Chet Sconyers, was actually employed by defendant First American and not by defendant MERS. (Id.) Nonetheless, when the default was not cured, successor trustee defendant First American recorded a Notice of Trustee Sale with the El Dorado County Recorder's Office on September 3, 2009, initially setting a sale date of September 23, 2009 for the subject property. (Id. at ¶25, Ex. H.)[3] Plaintiff demanded of defendant Wells Fargo all information and records showing the transfer of any obligations under the note and deed of trust but never received a response. (Id. at ¶22, Ex. C.)

Based upon these allegations, plaintiff contends that the defendants "lack any interest under the Deed of Trust which may be enforced by lien upon or sale of the subject property." (Id. at ¶33.) Plaintiff contends that all of the transfers of the obligations under the note outlined above were invalid and, as a result, defendants lack authority to declare a default on the loan, foreclose, sell the subject property or to receive any proceeds from such a sale. (Id. at ¶¶ 35-41.) Plaintiff claims that he is entitled to title in the subject property, free and clear of any

---

[3] The sale date was subsequently continued at the request of the beneficiary and due to plaintiff's bankruptcy filing noted above. The property was foreclosed upon on June 23, 2010 and defendant Wells Fargo became the owner of the property pursuant to a Trustee's Deed Upon Sale. (Doc. No. 31-1, Ex. A.)

obligation under the mortgage loan.  (Id. at ¶46.)  Plaintiff also claims that the "securitization" of the note was an improper conversion and alteration of the note and deed of trust undertaken without his consent, making the Deed of Trust unenforceable against him.  (Id. at ¶¶ 48-57.)

Based on these allegations, plaintiff's amended complaint alleges causes of action for estoppel, declaratory judgment, quiet title, improper conversion and alteration, slander of title and refund.  In terms of relief, plaintiff essentially seeks an order declaring that defendants lack any interest in the subject property, terminating all collection and foreclosure activities, restoring unencumbered title to plaintiff, refunding to plaintiff all fees and charges he paid on the Trust Deed that has now been rendered invalid, and damages, fees and costs.  (Id. at 19-20.)

ARGUMENTS OF THE PARTIES

Defendants seek dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that he has failed to state any claim upon which relief can be granted.

Specifically, defendants Wells Fargo and MERS argue that plaintiff's failure to tender the indebtedness vitiates both his declaratory relief and quiet title claims as a matter of law.  (Doc. No. 28 at 4.)  In addition, they assert that plaintiff's separate declaratory relief claim is not actionable.  (Id. at 6.)  Defendants next argue that because the recording of the notice of default and notice of trustee sale are privileged under California law, plaintiff's slander of title claim fails as well.  (Id. at 6-7.)  According to defendants Wells Fargo and MERS, the Deed of Trust that plaintiff signed reflected his agreement that the successors and assigns of the Lender benefitted from the covenants and agreements of the security instrument, thus defeating his improper conversion claim based on the securitization of the loan.  (Id. at 7-8.)

In addition, defendant First American contends that its actions as trustee are protected under California law by the litigation privilege because it acted without malice and only commenced foreclosure proceedings only on the instructions of the beneficiary.  (Doc. No. 25 at 7-8.)  Defendant First American also argues that in carrying out its statutorily protected role

4

of foreclosure trustee, it owed no duty to plaintiff.  (Id. at 8.)  Recognizing that plaintiff's claims are primarily based on his contention that it served the Notice of Default on May 29, 2009, before it was named the trustee of record in the Substitution of Trustee recorded July 21, 2009, First American contends, as do the other moving defendants, that California Civil Code § 2934a(b) & (c) authorizes the Substitution of Trustee to be filed subsequent to the serving of the Notice of Default, so long as it is recorded prior to the Notice of Trustee Sale.  (Id. at 9.)  Defendant First American argues that plaintiff's contention that the individual who signed the Assignment of Deed of Trust lacked authority to do so is unsupported "hyper-technical minutiae" that, even if true, did not prejudice plaintiff.  (Id. at 10.)  Finally, defendant First American argues that the remainder of plaintiff's claims are "fanciful" and not cognizable.

In his opposition plaintiff argues that his is similar to many other cases in which defendant Wells Fargo has attempted to foreclose on properties without standing to do so.  (Doc. No. 30 at 2.)  Plaintiff repeats his principle arguments that defendant Wells Fargo did not record its Assignment of Deed of Trust until July 21, 2009, long after the Notice of Default was filed on May 29, 2009 and that defendant MERS involvement is as a mere strawman to avoid recording laws.  Plaintiff also argues that  although California law allows a Substitution of Trustee after a Notice of Default is recorded, it does not allow a company that has no authority to file a Notice of Default to do so prior to becoming a Trustee.  (Doc. No. 30 at 10.)  Plaintiff concludes that defendants have failed to establish their standing to foreclose on the subject property.

Defendants reply by arguing that, contrary to plaintiff's suggestion, possession of the original note is not a condition to a nonjudicial foreclosure.  (Doc. No. 33 at 2.)  Moreover, according to defendants, not only did plaintiff agree under the Deed of Trust to the standing of defendant MERS to foreclose but that as a matter of law MERS has standing to do so.  (Id. at 3.)  Defendants repeat their arguments that the time of the recording of the Notice  of Default and the Substitution of Trustee is no impediment to foreclosure and that plaintiff's action is barred by his lack of tender and the absence of prejudice.  (Id. at 3-4.)  Finally, defendant  First American

1  contends that in light of the subsequent sale of the property following foreclosure, all of

2  plaintiff's claims have been rendered moot.  (Doc. No. 31 at 2-7.)

3  LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

4  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

5  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

6  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

7  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

8  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

9  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

10 a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

11 plaintiff's claims, even if the plaintiff's allegations are true.

12 In determining whether a complaint states a claim on which relief may be granted,

13 the court accepts as true the allegations in the complaint and construes the allegations in the light

14 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

15 United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

16 stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

17 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

18 form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

19 ANALYSIS

20 At the outset, defendants have requested judicial notice of documents related to

21 the matters at issue.  (Doc. Nos. 26, 29 & 31-1.)  Specifically, defendant First American requests

22 that the court take judicial notice of the Order of May 17, 2010 filed in the U.S. Bankruptcy

23 Court for the Eastern District of California dismissing plaintiff's bankruptcy case for failure to

24 file documents.  (Doc. Nos. 26, Ex. A.)  In addition, defendants Wells Fargo and MERS request

25 that the court take judicial notice of the following: (1) Plaintiff's Chapter 7 bankruptcy petition

26 filed April 16, 2010 in the U.S. Bankruptcy Court for the Eastern District of California; (2) the

May 17, 2010 order dismissing that case; and (3) The Trustee's Deed Upon Sale recorded in the El Dorado County Recorder's Office on June 28, 2010.  (Doc. No. 29, Exs. A - & B; Doc. No. 31-1, Ex. A.))  Defendants' requests for judicial notice will be granted pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (same).

I.       Estoppel, Quiet Title and Refund

As noted above, plaintiff's claims for estoppel, quiet title and for refund are all premised on his basic contention that the Notice of Default and Election to Sell was recorded by defendant First American as an agent for defendant Wells Fargo approximately two months before the Assignment of Deed of Trust from defendant MERS to defendant Wells Fargo (with an unauthorized certifying officer signing for MERS) was recorded.  Because of these alleged irregularities, plaintiff contends that all transfers of the obligations under the note were invalid and defendants lacked the authority to declare a default on the loan, foreclose and sell the subject property.  The premise underlying these claims is flawed and, therefore, none of plaintiff's claims in this regard are cognizable.  See Reynoso v. Paul Financial, LLC, No. 09-3225 SC, 2009 WL 3833298, at *3 (N.D. Cal. Nov. 16, 2009) (Rejecting plaintiff's premise and noting, "[t]his alone cannot destroy the chain of title; indeed, the California Civil Code expressly permits trustees to wait and record a substitution of trustee until after a notice of default has been recorded.")

"Financing or refinancing of real property is generally accomplished in California through a deed of trust.  The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan."  Bartold v. Glendale Federal Bank, 81 Cal. App.4th 816, 821 (2000).  A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid."  Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1235 (1995).  If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially

foreclose.  See McDonald v. Smoke Creek Live Stock Co., 209 Cal. 231, 236-237 (1930).
California's statutory scheme governing non-judicial foreclosure is comprehensive and intended
to be exhaustive.  Moeller v. Lien, 25 Cal. App.4th 822, 834 (1994); see also I.E. Assoc. v.
Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985) ("These provisions cover every aspect of
exercise of the power of sale contained in a deed of trust.")  Under California Civil Code §
2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct
the foreclosure process.  Saldate v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1139 (E.D. Cal.
2010) (emphasis added).  Moreover, under California Civil Code § 2924b(4), a "person
authorized to record the notice of default or the notice of sale" includes "an agent for the
mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed
substitution of trustee, or an agent of that substituted trustee."  Saldate, 711 F. Supp. 2d at 1139.
"Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial
foreclosure sale."  Id. (quoting Moeller, 25 Cal. App.4th at 830).

Plaintiff's amended complaint alleges no facts supporting a claim of failure to
comply with the statutory scheme governing non-judicial foreclosure in California.  Plaintiff's
argument that defendant MERS lacked standing to foreclose under the language of the Deed of
Trust has been specifically rejected by courts considering similar claims.  See Pantoja v.
Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1190 & n. 15 (N.D. Cal. 2009) (and cases
cited therein) (holding that pursuant to the plain terms of the Deed of Trust and California Civil
Code § 2924, MERS had a right to conduct the foreclosure process); Germon v. BAC Home
Loans Servicing, L.P., No. 10cv2482 BTM(POR), 2011 WL 719591, at *2 (S.D. Cal. Feb. 22,
2011); Wurtzberger v. Resmae Mortgage Corp., No.  2:09-cv-01718-GEB-DAD, 2010 WL
1779972, at *3-4 (E.D. Cal. April 29, 2010) (explaining that since the Deed of Trust named
MERS as the beneficiary it had the right to foreclose and the authority to assign its beneficial
interest under the deed of trust).  Accordingly, plaintiff's claims of estoppel, quiet title, refund or
wrongful foreclosure fail as a matter of law.  See Saldate, 711 F. Supp. 2d at 1139-40; Guldbeck

v. BNC Mortgage Inc., No. C 09-cv-05733 VRW, 2010 WL 727518, at * 5-6 (N.D. Cal. Mar. 1, 2010) (granting motion to dismiss and finding plaintiff's claims that a Notice of Default was executed and/or recorded without privilege to be not cognizable).

Moreover, to the extent plaintiff is claiming a wrongful foreclosure based upon his allegations in support of these claims they should be dismissed because plaintiff has failed to allege his unconditional ability to tender. In this regard,

> "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112,117 (Cal. App. 2d Dist. 1971). The overwhelming majority of California district courts utilize the Karlsen rationale in examining wrongful foreclosure claims. Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999).

Somera v. Indymac Fed. Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010).

Plaintiff's first amended complaint requests, among other things, that the court: (1) declare the note invalid and the foreclosure and Trustee Sale of the subject property unlawful; (2) permanently enjoin foreclosure proceedings against the subject property; and (3) require reinstatement of title to the property in plaintiff's name and declare him the owner of the

unencumbered property. However, under California law, in order to pursue such relief based upon a claim of wrongful foreclosure plaintiff is also "required to allege tender of the amount of [defendant's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996). See also Fleming v. Kagan, 189 Cal. App. 2d 791, 796 (1961) (To obtain rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction . . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant."); Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1269 (C.D. Cal. Sept. 10, 2010); Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 104-05 (E.D. Cal. 2010); Labra v. Cal-Western Reconveyance Corp., No. C 09-2537 PJH, 2010 WL 889537, at *9 (N.D. Cal. Mar. 11, 2010). "The rules which govern tenders are strict and are strictly applied." Saldate, 711 F. Supp. 2d at 1140-41 (quoting Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003)). See also Shimpones v. Stickney, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.") In short, the plaintiff must demonstrate both a willingness to pay and the ability to pay. In re Worcester, 811 F.2d 1224, 1231 (9th Cir. 1987). Plaintiff has not done so here. Accordingly, his claims attacking the foreclosure on the subject property should be dismissed.

Finally, any claim by plaintiff that the foreclosure proceedings were unlawful because none of the defendants were the holders of the note, would also be frivolous. "Under California Civil Code § 2924 et seq., possessing the note is irrelevant to nonjudicial foreclosures. See Sicairos v. NDEX West, LLC, 2009 WL 385855 (S.D. Cal. 2009) (under § 2924, no party needs to physically possess the promissory note). Therefore, plaintiff's claims for wrongful foreclosure and breach of the covenant of good faith and fair dealing, predicated on the 'holder in due course' claim, cannot lie." Vaughn v. CitiMortgage Inc., No. CIV 10-1463 MCE KJM PS,

2010 WL 4069359, at *1 (E.D. Cal. Oct. 18, 2010).  See also Nool v. HomeQ Servicing, 653 F.

Supp. 2d 1047, 1053 (E.D. Cal. 2009) ("It is well-established that non-judicial foreclosures can

be commenced without producing the original promissory note."); Saldate, 711 F. Supp. 2d at

1139.

        Plaintiff  has not alleged any facts supporting cognizable claims for estoppel, quiet

title, refund or wrongful foreclosure.  Even if he had alleged such facts, plaintiff  has not alleged

tender or the unconditional ability to offer tender.  Accordingly, defendants' motions to dismiss

plaintiff's estoppel, quiet title, refund and/or wrongful foreclosure claims should be granted.

II.      Improper Conversion and Alteration

        As noted above, plaintiff also claims that the "securitization" of the note was an

improper conversion and alteration of the note and deed of trust, undertaken without his consent

and rendering the mortgage and Deed of Trust unenforceable against him.  This claim is

frivolous, has no support in the law and should be dismissed with prejudice.  See Sarmiento v.

Bank of New York Mellon, Civil No. 10-00349 JMS/BMK, 2011 WL 884457, at *6-7 (D.

Hawaii Mar. 10, 2011) (dismissing with prejudice a nearly identical claim, rejecting the notion

that securitization of a mortgage loan provides a mortgagor with a cause of action and finding

that such allegations fail to support a cognizable claim of conversion) (and cases cited therein);

see also Sanchez v. American Brokers Conduit, No. 10-cv-01291-JHN-FMOX, 2011 WL

164634, at *3 (C.D. Cal. Jan. 14, 2011) (dismissing with prejudice a borrower's RICO claim

containing similar allegations regarding securitization of mortgage loans and conversion);

Birkland v. Silver State Financial Services, Inc., No. 2:10-CV-00035-KJD-LRL, 2010 WL

3419372, at *4 (D. Nev. Aug. 25, 2010) (rejecting and dismissing an identical claim to that

presented here); Suss v. JP Morgan Chase Bank, N.A., Civil Action No. WMN-09-1627, 2010

WL 2733097, at *6 (D. Md. July 9, 2010) (same).

/////

/////

III.     Slander of Title

        Plaintiff's slander of title claim is based entirely on his allegations that defendants improperly filed the Notice of Default without having authority to do so and had no standing to foreclose on the subject property but continued "their illegal foreclosure proceedings which have resulted in a slander of title." (Doc. No. 20 at 17.) Above, the court has concluded that these allegations are fundamentally flawed and fail to state any cognizable claim for relief. Accordingly, plaintiff's slander of title claim based upon such allegations also fails.

        Moreover, slander of title is "a tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." Green v. Alliance Title, No. CIV S-10-0242 MCE EFB PS, 2010 WL 3505072, at *19 (E.D. Cal. Sept. 2, 2010) (quoting Southcott v. Pioneer Title Co., 203 Cal. App.2d 673, 676 (1962)). Thus, under California law, to state a claim for slander of title, the plaintiff must allege facts establishing: (1) a publication; (2) which is without privilege or justification; (3) which is false: and (4) which causes direct and immediate pecuniary loss. Manhatten Loft, LLC v. Mercury Liquors, Inc., 173 Cal App. 4th 1040, 1050-51 (2009). Notices such as those filed by defendants in this case pursuant to a non-judicial foreclosure action constitute privileged communications. Cal. Civ. Code § 2924(d); Green, 2010 WL 3505072, at *19; Jackson v. Ocwen Loan Servicing, LLC, No. 2:10-cv-00711-MCE-GGH, 2010 WL 3294397, at *4 (E.D. Cal. Aug. 20, 2010) ("The Notices of Default and Trustee's Sale filed by Defendants . . . are privileged publications because their filings were required by California law.") Plaintiff has alleged no facts suggesting that defendants disseminated unprivileged, false or malicious communications regarding his title to the subject property. Accordingly, plaintiff's slander of title claim must be dismissed.

IV.     Claim for Declaratory Judgment

        In his amended complaint plaintiff purports to state a claim for declaratory judgment. Specifically, plaintiff seeks a judicial determination that defendants conduct was

unlawful and a declaration that defendants may not proceed with foreclosure proceeding on the subject property. For the reasons set forth above in addressing plaintiff's substantive causes of action, plaintiff's claim for declaratory relief fails.

It is well recognized that "where a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous 'second cause of action for the determination of identical issues' subsumed within the first." Jensen v. Quality Loan Service Corp., 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010) (citing Hood v. Superior Court, 33 Cal. App. 4th 319, 324 (1995) and Gen. of Am. Ins. Co. v. Lilly, 258 Cal. App. 2d 465, 470 (1968)). See also Camillo, 2009 WL 3614793, at *13 (dismissing declaratory relief claim as redundant where the claim would not resolve issues other than those addressed by way of the substantive claims of the complaint). Plaintiff's separate claim for declaratory relief should therefore be dismissed.

V.     Granting Leave to Amend Would Be Futile

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the nature of the deficiencies noted above. Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendants' requests for judicial notice (Doc. Nos. 26, 29 and 31-1) be granted pursuant to Federal Rule of Evidence 201;

/////

1      2. Defendants' motions to dismiss (Doc. Nos. 25 and 28) be granted pursuant to

2    Federal Rule of Civil Procedure 12(b)(6); and

3      3. This action be dismissed in its entirety with prejudice.

4      These findings and recommendations will be submitted to the United States

5    District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

6    twenty-one days after being served with these findings and recommendations, any party may file

7    and serve written objections with the court.  A document containing objections should be titled

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

9    shall be filed and served within seven days after the objections are served.  The parties are

10   advised that failure to file objections within the specified time may, under certain circumstances,

11   waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

12   Cir. 1991).

13   DATED: March 21, 2011.

14

15                                    Dale A. Drozd

16                            DALE A. DROZD
                               UNITED STATES MAGISTRATE JUDGE

17

18   Ddad1\orders.prose
     marty0555.oah072310mtd

19

20

21

22

23

24

25

26